**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOW HUNTING SKILLS, LLC, et al.,<br><br>Plaintiffs<br><br>v.<br><br>MIDWAY CITY CORPORATION,<br><br>Defendant | Case No.: 2:26-cv-03231-APG-BNW<br><br>**Order Granting Motion to Transfer Case to the District of Utah**<br><br>[ECF No. 6] |

The plaintiffs erroneously filed this case in this court when they intended to file it in the District of Utah. *See* ECF Nos. 1; 3; 6. They request that I transfer the case to the District of Utah.

Under 28 U.S.C. § 1406(a), a district court may dismiss a case that is filed in an improper venue, or the court may, "in the interest of justice," transfer the case to any district "in which it could have been brought." Section 1406(a)'s language "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). Factors to consider in determining whether transfer is in the interest of justice include "whether the statute of limitations would otherwise run, the convenience of parties and witnesses, and whether efficient and expeditious administration of justice would be furthered." *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc.*, 369 U.S. at 467 and evaluating similar "interest of justice" language in another transfer statute).

I grant the motion to transfer. It was apparent that the plaintiffs intended to file this matter originally in the District of Utah, and their motion confirms it was a technical error that led to it being filed here. The action could have been brought in Utah because the defendant is a municipality in that state and the property that the dispute revolves around lies in Utah. *See* ECF No. 1 at 5-6; 28 U.S.C. §§ 1391(b)(1), (b)(2). The interests of justice are served by transfer rather than dismissal to avoid any statute of limitations arguments. Additionally, the efficient and expeditious administration of justice is furthered where the defendant has yet to be served and has suffered no prejudice from this technical error.

I THEREFORE ORDER that the plaintiffs' motion to transfer venue (ECF No. 6) is GRANTED. The clerk of court is instructed to transfer this case to the United States District Court for the District of Utah, and to close this case in this court.

DATED this 15th day of October, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE